UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MANJIT CHEEMA

    Plaintiff,

vs.

LIBERTY POWER CORP., L.L.C.,
DAVID HERNANDEZ and
ALBERTO DAIRE

    Defendants
_____/

## COMPLAINT FOR DAMAGES

Manjit Cheema ("Cheema") sues Defendants Liberty Power Corp, LLC ("Liberty"), David Hernandez ("Hernandez") and Alberto Daire ("Daire") and alleges as follows:

### Jurisdiction

1. This is an action for damages which exceeds $75,000, exclusive of attorney's fees and Court costs.

2. Venue is proper in Broward County, Florida since the causes of action occurred in Broward County. This Court has diversity matter jurisdiction over this case.

### The Parties/Participants

3. Plaintiff, is an individual that resides in Texas and is *sui juris*.

4. Defendant, Liberty is a Delaware LLC with its primary business operations in Florida. Hernandez and Daire are owners of Liberty and, upon information and belief, are residents of Palm Beach and Dade County, Florida and are *sui juris*.

CASE NO.

### General Allegations

5. Liberty, by and through its officers, Hernandez and Daire recruited Cheema to work for Liberty. Cheema went through an extensive interview process including having to give presentations to Liberty and him bringing his wife to Florida to visit. During this process, Cheema was made aware that Liberty was having financial problems and was in need of raising capital. Hernandez and Daire misrepresented the financial problems and amount of capital needed by Liberty to entice Cheema to come join Liberty. Hernandez and Daire also misrepresented their management styles and the amount of autonomy that Cheema would have while working for Liberty. Had Hernandez and Daire not made these representations which were knowingly false, Cheema would not have gone to work for Liberty.

6. On or about July 21, 2014, Liberty and Cheema entered into an Employment Agreement ("Agreement"), a copy of which is attached hereto as Exhibit "A." The Agreement provided for a base salary of $275,000 per year. The Agreement further provided that in the event Cheema was terminated "not for cause" that he would be entitled to be paid 12 months of salary ($275,000) plus 12 months of COBRA coverage.

7. On or about December 3, 2014, Liberty terminated the employment of Cheema "not for cause." To date, Liberty has refused to pay Cheema the agreed upon compensation in the Agreement.

8. Plaintiff has hired the undersigned law firm and has agreed to pay it a reasonable fee for its services.

CASE NO.

9. All conditions precedent necessary to maintain this action have been performed, waived or excused.

## Count I - Breach of Agreement (as to Liberty)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

10. Plaintiff and Liberty entered into a written agreement for Plaintiff to be paid certain bonuses and compensation upon his termination.

11. In consideration of the performance of his services, Liberty was to pay Plaintiff one years salary and COBRA if he was terminated "not for cause."

12. Liberty breached the agreement with Plaintiff by failing to pay him the agreed upon compensation.

13. By virtue of Liberty's breach of the agreement, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Liberty for one years salary and COBRA, with interest, court costs, attorneys' fees in accordance with Fla. Stat. § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

CASE NO.

## Count II-Fraud in Inducement (as to Hernandez)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

14. Hernandez made false statements of material fact to Cheema.

15. Hernandez knew or should have known the representations were false.

16. Hernandez intended that the representations would induce Cheema to act upon them.

17. Cheema suffered damages in justifiable reliance upon the representations of Hernandez.

WHEREFORE, Plaintiff demands judgment against Hernandez for compensatory damages, interest, court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

## Count III-Fraud in Inducement (as to Daire)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

18. Daire made false statements of material fact to Cheema.

19. Daire knew or should have known the representations were false.

20. Daire intended that the representations would induce Cheema to act upon them.

21. Cheema suffered damages in justifiable reliance upon the representations of Daire.

CASE NO.

WHEREFORE, Plaintiff demands judgment against Daire for compensatory damages, interest, court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count IV-Promissory Estoppel (as to Hernandez)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

22. Hernandez made false statements of material fact to Cheema.

23. Hernandez should have reasonably expected the induce action or forbearance by Cheema based upon this representations.

24. Hernandez misrepresentations induced such action or forbearance on Cheema.

25. Cheema suffered damages by reliance on the misrepresentations.

WHEREFORE, Plaintiff demands judgment against Hernandez for compensatory damages, interest, court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count V-Promissory Estoppel (as to Daire)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

26. Daire made false statements of material fact to Cheema.

27. Daire should have reasonably expected the induce action or forbearance by Cheema based upon this representations.

CASE NO.

28. Daire's misrepresentations induced such action or forbearance on Cheema.

29. Cheema suffered damages by reliance on the misrepresentations.

WHEREFORE, Plaintiff demands judgment against Daire for compensatory damages, interest, court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

Behren Law Firm
2893 Executive Park Drive
Suite 110
Weston, Florida 33331
Telephone (954) 636-3802
Facsimile (772) 252-3365
scott@behrenlaw.com
www.behrenlaw.com

By:_/Scott M. Behren/
     Scott M. Behren
     Florida Bar No. 987786



July 21, 2014

Mr. Manjit Cheema
San Antonio, TX

Subject: Offer of Employment

Dear Manjit,

Congratulations! We are pleased to offer you role of Chief Financial Officer position at Liberty Power ("the Company"), located at our corporate headquarters, 1901 W. Cypress Creek Rd., Suite 600, Fort Lauderdale, FL 33309. This letter highlights the terms of our offer of employment to you.

| | |
|---|---|
| Position: | Chief Financial Officer |
| Reports To: | Chief Executive Officer |
| Base Salary: | During your active employment, the annual equivalent base salary will be $275,000.00, earned and payable on a bi-weekly basis at the rate of $10,576.92 (before taxes and applicable deductions). |
| Annual Bonus: | Your annual bonus target will be 50% of your base salary earnings in the relevant fiscal year. Your bonus target is linked to the achievement of company performance targets established in the relevant fiscal year as well as to meeting key individual performance objectives for the relevant fiscal year as agreed to by your manager. The achievement of the bonus payment is determined in accordance with the Annual Incentive Plan (AIP). Bonus payments are not automatic; they are made at the sole discretion of Liberty Power. Additional details of the Liberty Power AIP will be provided once you have joined the company. For the 2014 plan year, you will be eligible to participate in the AIP on a pro-rata basis (AIP result multiplied times the fraction of one year that you will complete with the company as a full time employee by 12/31/2014). |
| Long Term Incentive Plan (LTIP): | The Company is in the process of reestablishing its LTIP plan, and you will be invited to participate in this program when it is reestablished. Vesting will occur within 4 years of plan establishment. Targeted payout to be $500,000.00 or more, based on the achievement of the plan targets, at the end of the 4 year vesting period. The new plan will be established no later than May 1, 2015. |
| Change of Control: | In the event of a change of control (where the current partnership retains less than 50% of the ownership), you will receive base salary protection for up to 12 months subject to the terms and conditions in the "Change of Control" document and your execution of said document, which is being provided to you along with this offer. |

| | |
|---|---|
| Severance: | In the event of a termination, other than for cause and other than for change of control, you will be paid your base salary and receive COBRA coverage for 6 months after the date of termination. In the event that such termination (not for cause and not due to change of control) occurs prior to the completion of 12 months of employment, you will be paid your base salary and receive COBRA coverage for an additional 6 months period. |
| Moving Expenses: | Liberty Power will pay for packing and shipping of your household goods, the move of up to two vehicles (mileage reimbursement if vehicle is driven down, or cost to ship the vehicle), storage for up to 60 days, and delivery of goods from storage to new location. In addition, the company will cover the costs of other moving-related expenses up to $10,000, which may include, but are not limited to, costs of airfare, rental car, hotel, or other moving-related expenses for you or your spouse. The quotes on the moving services must be approved by Liberty Power in advance. |
| Temporary Housing: | The Company will cover the costs of temporary housing, up to $12,000. |
| Other: | You will receive a lump sum payment for any loss incurred on the sale of your current home in San Antonio, Texas up to $50,000, within 30 days of presentation of the final closing statement concluding the sale. Calculation of losses to be based on net proceeds after real estate commissions and other closing costs. |
| Personal Time-Off (PTO): | You will earn 20 days of vacation time per year, earned at the rate of 6.15 hours per bi-weekly pay period, to be used at your discretion, subject to the Company's PTO policy. |
| Targeted Start Date: | September 2, 2014, or as otherwise agreed as part of the acceptance of this offer. |
| Insurance: | You will be eligible for health insurance on your start date. Liberty Power's Cafeteria Plan of group benefits includes health, dental, vision, life, and disability insurance. |
| 401K Plan: | You will be eligible to participate in Liberty Power's 401K Plan. Liberty Power's 401K Plan matches participant contributions dollar for dollar, up to four percent (4%) of base pay. |
| Work Status: | This position is exempt according to the overtime provisions of the Fair Labor Standards Act and is therefore not eligible and not entitled to receive overtime compensation. |
| Work Schedule: | This position is full-time; your work week and hours will be established by your manager. |
| Separation: | Your employment will be "at will". Either you or the Company may terminate your employment at any time for any reason. |
| Confidentiality: | You agree to execute and abide by the terms of the Company's Confidentiality Agreement and will not disclose to anyone (except to the extent reasonably necessary for you to perform your duties) any confidential or proprietary materials, documents, |

|  |  |
|---|---|
|  | records or other confidential or proprietary information concerning the business affairs of the Company. |
| Non-Solicitation: | You agree to execute and abide by the terms of the Company's Non-Solicitation Agreement. |
| Governing Law: | The terms of this offer and of your employment with Liberty Power shall each be governed by the laws of the State of Florida. Both parties, you and Liberty Power, agree that any disputes arising from this agreement shall be resolved solely through mediation under the laws of the State of Florida. |

The offer described above is contingent upon your acceptance of the these terms and conditions and the successful completion of the Liberty Power background screening, inclusive of criminal, educational, previous employment, and reference checks. The Immigration Reform and Control Act of 1985 requires us to certify the identity and work eligibility of all new employees. Therefore, appointment to this position is subject to your presentation of proper documentation as required by the law. All general personnel policies existing for staff members of the Company will also apply to you.

Please signify your acceptance of these terms by signing and returning this letter by July 24, 2014.

We are excited about the prospects of having you join our team!

Sincerely,

Leah Lopez
Chief Commercial Officer

Agreed and Accepted:

By: _____
Manjit Cheema

Date: 7/22/2014